UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JEFFREY STEVEN SCHEIB, )
                                                     )
      Plaintiff, )
                                                     )
v. )   No. 3:07-CV-446
                                                   )   (Phillips)
GREGORY BODERK, et al., )
                                                   )
      Defendants. )

**MEMORANDUM AND ORDER**

      This is a civil rights action for compensatory and punitive damages brought by plaintiff pursuant to 42 U.S.C. § 1983 for violation of plaintiff's rights as guaranteed under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff has also alleged claims under state law for assault and battery, false arrest and imprisonment, malicious prosecution and outrageous conduct arising out of his arrest by officers of the Blount County Sheriff's Department on November 21, 2006.

      Defendant Blount County, Tennessee, has moved for partial summary judgment on plaintiff's state law claims, stating that pursuant to the Tennessee Government Tort Liability Act (TGTLA), the county is immune from suit in the federal courts. Defendant James Berrong, the Sheriff of Blount County, has moved to dismiss plaintiff's claims brought against him individually, stating that he did not personally participate in plaintiff's

arrest. Because there is no supervisory liability under § 1983, defendant argues, plaintiff's claims against him in his individual capacity should be dismissed for failure to state a claim upon which relief can be granted.

## Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

In *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the Federal Rules. The

Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level. *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* No. 03-5306, 2007 U.S.App. LEXIS 20556, at * 6 (6th Cir. Aug. 28, 2007) (citing *Twombly,* 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Twombly,* at 1965 n. 3. Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *E.E.O. C. v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley,* 127 S.Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

## **Analysis**

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law. *Whittstock v. Mark A. Van Sile, Inc.,*

-3-

330 F.3d 899, 902 (6th Cir. 2003). Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred. *Gardenshire v. Schubert,* 205 F.3d 303, 310 (6th Cir. 2000). It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986).

Sheriff Berrong contends that the plaintiff's claims against him under § 1983 are subject to dismissal because the only allegations made in the amended complaint are that defendant Berrong was the supervisor of defendant Boderk. Defendant Berrong avers there is no supervisor liability under § 1983. Additionally, the amended complaint alleges that defendant Berrong did not properly train Boderk. Defendant Berrong contends these claims for inadequate training or supervision are claims against Blount County, not claims against him in his individual capacity.

Plaintiff's allegations as to Sheriff Berrong are the following:

Paragraph 17. At all times relevant, Sheriff James Berrong was a supervisor of Defendant Officer Gregory Boderk, and plaintiff avers that Defendant Berrong, and Defendant Blount County, Tennessee intentionally hired Defendant Boderk with little or no investigation, or grossly inadequate investigation into Defendant Boderk's fitness to be a police officer. Further, Defendant Berrong and Defendant Blount County, Tennessee, exercised no or grossly inadequate supervision over Defendant Boderk after he became a police officer for Defendant Blount County, Tennessee. Finally, Defendant Berrong and Defendant Blount County, Tennessee failed to properly train

-4-

> Defendant Boderk in proper police and penal procedure which resulted in plaintiff's constitutional rights being violated.
>
> Paragraph 19. At the time in question, Defendant Blount County, Tennessee, and Defendant Berrong had the contemporaneous knowledge of the offending incident and/or knowledge of a prior pattern of similar incidents, and inaction on the part of both Blount County and Defendant Berrong communicated a message of approval to Defendant Boderk, and to other members of the Blount County Sheriff's Department.
>
> Paragraph 20. At the time in question, Defendant Berrong encouraged, and/or directly participated in and/or implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of Defendant Boderk and the Blount County Sheriff's Department.

There are no other factual allegations contained in the complaint as to Sheriff Berrong.

**Qualified Immunity**

The doctrine of qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ewolski v. City of Brunswick,* 287 F.3d 492, 501 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The United States Supreme Court has articulated a two-part test for determining whether a law enforcement officer is entitled to qualified immunity. Under this test, district courts must:

> consider whether the facts alleged show the officer's conduct violated a constitutional right. If the plaintiff can establish that a constitutional violation occurred, a court should ask "whether the right was clearly established . . . in light of the

> specific context of the case, not as a broad general proposition.

*Lyons v. City of Xenia,* 417 F.3d 565, 571 (6th Cir. 2005) (quoting *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

Once a defendant claims the affirmative defense of qualified immunity, the burden shifts to plaintiff to demonstrate that the defendant is not entitled to the defense. *Myers v. Potter,* 422 F.3d 347, 352 (6th Cir. 2005). When a defendant moves for summary judgment and asserts the defense of qualified immunity, the plaintiff must (1) identify a clearly established right alleged to have been violated, and (2) establish that a reasonable officer in the defendant's position should have known that the conduct at issue was undertaken in violation of that right." *Pray v. City of Sandusky,* 49 F.3d 1154, 1158 (6th Cir. 1995).

The key inquiry in determining whether a right was clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202; *Ewolski,* 287 F.3d at 503. For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* Although the conduct in question need not have been previously held unlawful, the unlawfulness must be apparent in light of pre-existing law. *Id.* Officials are entitled to qualified immunity "when their decision was reasonable, even if mistaken." *Pray*, 49 F.3d at 1158.

Here, to establish individual capacity liability of Sheriff Berrong, plaintiff must show that Sheriff Berrong, acting under color of state law, caused the deprivation of his federal rights. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). A defendant's direct personal responsibility for a claimed deprivation of a constitutional right must be established in order for personal liability to attach under § 1983. *Trujillo v. Williams,* 465 F.3d 1210, 1227-28 (10th Cir. 2006). The allegations of plaintiff's complaint, quoted above, do not allege any personal involvement or any direct personal responsibility as to Sheriff Berrong. Sheriff Berrong did not take part in any aspect of plaintiff's arrest and detention, nor did he direct any of the officers on the scene to effect an arrest or detention.

**<u>Supervisory Liability</u>**

It appears from reading the allegations of plaintiff's amended complaint that Sheriff Berrong has been sued because he is the Sheriff and thus, the supervisor of Officer Boderk. However, for a supervisor to be liable, "he must have engaged in an act of unconstitutional behavior." *Doe v. City of Roseville,* 296 F.3d 431, 441 (6th Cir. 2002). The supervisor must have participated in the unconstitutional conduct. *Id.* As pointed out by the defendant, there is no *respondeat superior* liability available under § 1983. *Linell v. Dept of Social Services,* 436 U.S. 658, 691 (1978). A § 1983 action is not proper against a supervisor absent a showing of direct responsibility for any improper action. *Kolb v. State of Ohio*, 721 F.supp. 885, 893 (N.D.Ohio 1989).

-7-

Case 3:07-cv-00446   Document 24   Filed 10/03/08   Page 7 of 10   PageID #: 97

Plaintiff's allegations may be read to state a claim that Sheriff Berrong failed to properly train Officer Boderk and/or failed to conduct an adequate investigation into Officer Boderk's ability or fitness to be a police officer. However, claims for inadequate training or inadequate screening are claims against the municipality, not claims against an officer in his individual capacity. *See, e.g., City of Canton v. Harris,* 489 U.S. 378 (1989); *Bd. of Commissioners of Brian Co. v. Brown,* 520 U.S. 397, 412 (1997). Sheriff Berrong cannot be liable for inadequate screening or inadequate training in his individual capacity – Sheriff Berrong can only be liable in his individual capacity if he at least implicitly authorized, approved or knowingly acquiesced unconstitutional conduct of subordinate officers. *See Poe v. Haydon,* 853 F.2d 418 (6th Cir. 1988); *Hayes v. Jefferson Co.,* 668 F.2d 869 (6th Cir. 1982); *Kombs v. Wilkenson,* 315 F.3d 548 (6th Cir. 2002). Because plaintiff fails to allege any facts that Sheriff Berrong, who was not present during plaintiff's arrest and detention, engaged in active unconstitutional behavior, plaintiff's claims against Sheriff Berrong in his individual capacity will be **DISMISSED.**

**Tennessee Governmental Tort Liability Act Claims**

Plaintiff's causes of action for assault and battery, false arrest and imprisonment, malicious prosecution and outrageous conduct under Tennessee law are governed by the TGTLA, Tenn. Code Ann. § 29-20-201 *et seq.* The § 1983 claims would ordinarily confer supplemental jurisdiction over the TGTLA claims because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). However, TGTLA claims must be brought in "strict compliance" with the terms of the

statute. Tenn. Code Ann. § 29-20-201(c). The TGTLA gives the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

In *Gregory v. Shelby Co.,* 220 F.3d 433, 446 (6th Cir. 2000), the Sixth Circuit affirmed the district court's dismissal of the TGTLA claims, stating, "in this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction." *Id.* In his response, plaintiff agrees that any state claim against Blount County is not appropriate to be prosecuted in this court. Accordingly, the court declines to accept jurisdiction over plaintiff's claims brought pursuant to the TGTLA in accordance with 28 U.S.C. § 1367(c)(4), and those claims are hereby **DISMISSED** against Blount County, without prejudice to the refiling of same in the appropriate state court.

## Conclusion

Based on the foregoing reasons, defendant Berrong's motion to dismiss him in his individual capacity [Doc. 21] is **GRANTED,** and defendant Blount County's motion to dismiss plaintiff's state claims brought pursuant to the TGTLA against Blount County [Doc. 17] is **GRANTED.** Plaintiff's state law claims against Blount County are **DISMISSED, WITHOUT PREJUDICE** to the refiling of same in the appropriate state court

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge