UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY STEVEN SCHEIB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-446 |
| ) | (Phillips) |
| GREGORY BODERK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is a civil rights action for compensatory and punitive damages brought by plaintiff pursuant to 42 U.S.C. § 1983 for violation of plaintiff's rights as guaranteed under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff has moved for leave to amend his complaint to add claims for First Amendment retaliation [Doc. 75]. Plaintiff asserts that the First Amendment retaliation claims "arose out of the same conduct, transactions, or occurrences set out – or attempted to be set out – in the original complaint." Plaintiff contends that the interests of justice require that he be granted leave to amend his complaint. Plaintiff further contends that no prejudice will result to defendants from the amendment, as the trial of this case has been continued to September 20, 2011, and defendants will have ample time to conduct discovery prior to trial. Therefore, plaintiff asserts he should be granted leave to file his

amended complaint, and the First Amendment retaliation claims should be held to relate back to the date of the filing of the original complaint.

Defendants oppose the motion to amend stating that plaintiff has exhibited undue delay, has repeatedly failed to cure any deficiencies in previously allowed amendments, such amendment will cause undue prejudice to defendants, plaintiff has shown bad faith and a dilatory motive in amending his complaint, and that such amendment would be futile [Docs. 85, 86].

**Procedural History**

Plaintiff originally filed his claim against defendants on May 31, 2007, for events that occurred in November 2006. In the original complaint, plaintiff brought claims for unlawful arrest, excessive force, and unlawful search under 42 U.S.C. § 1983 arising from his arrest on the night of November 21, 2006. Plaintiff filed an amended complaint on August 3, 2007. By stipulation, this lawsuit was dismissed on October 18, 2007.

Plaintiff refiled his action on November 1, 2007. Plaintiff filed his first amended complaint on April 3, 2008. Pursuant to the court's scheduling order, the deadline for filing amended pleadings was May 14, 2009 and trial was scheduled for November 10, 2009. The scheduling order was amended, and the deadline to file amended pleadings was extended to July 15, 2010, and the trial rescheduled for January 11, 2011.

Defendants filed their motions for summary judgment on September 14, 2010. At that point, the discovery deadline had closed and the deadline for filing motions to amend pleadings had passed. Plaintiff requested and was granted an extension of time to respond to the summary judgment motions to December 13, 2010. The trial was rescheduled to September 20, 2011. Plaintiff requested another extension of time to respond to the summary judgment motions, and was given until December 20, 2010 to file his responses.

Plaintiff filed his motion to amend his complaint on December 10, 2010. As noted by defendants, if allowed by the court, it would be the fifth complaint filed in this case. The proposed amended complaint consists of 113 pages and 597 numbered paragraphs, refers to exhibits that number 195 pages, and asserts new causes of action for First Amendment retaliation.

**Analysis**

F.R.C.P. 15(a)(2) addresses the issue of amending pleadings after a party has amended a pleading once as a matter of course or when the time for amendments has expired. In such circumstances, the rule permits a party to amend his pleading only with the opposing party's written consent or the court's leave. The court should "freely give leave where justice so requires." *Id.* "Furthermore, the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). The decision as

to whether justice requires the amendment is committed to the district court's discretion. *Id., citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Denial of the motion may be appropriate where there is:

> . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment . . . .

*Foman v. Davis*, 371 U.S. 178 (1962). Ordinarily, "delay alone does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). "At some point, however, delay becomes undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* Although Rule 15(a) indicates that leave to amend shall be freely granted, "a party must act with diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Further, "allowing amendment after the close of discovery creates significant prejudice." *Duggins v. Steak "N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). In *Phelps*, the Sixth Circuit elaborated on the idea of prejudice as follows:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps*, 30 F.3d at 662-63.

Plaintiff asks the court for leave to amend his complaint for a fifth time, adding new claims for First Amendment retaliation. Defendants argue that allowing plaintiff to again amend his complaint would violate the "undue delay" and "undue prejudice" prongs of the *Foman* analysis. The court agrees.

1. <u>Undue Delay</u>

F.R.C.P. 15(a) instructs the court to "freely give leave when justice so requires." F.R.C.P. 15(a)(2). Denial may be appropriate, however, where the party seeking leave to amend engages in "undue delay" in bringing its request before the court. *Foman*, 371 U.S. at 178. The Sixth Circuit "has made plain that the measure of any delay in seeking leave to amend a complaint runs from the time when the movant knew or should have known of the defect in his complaint." *Morse*, 290 F.3d at 800. Further, the Sixth Circuit instructs that "delay alone . . . without any specifically resulting prejudice, or any obvious design of dilatoriness to harass the opponent, should not suffice as a reason for denial" of a motion to amend. *Moore*, 790 F.2d at 562. "At some point, however, delay will become undue, placing an unwarranted burden on the court." *Morse*, 290 F.3d at 795. With respect to the "undue delay" prong of the motion to amend inquiry, the Sixth Circuit in *Duggins* held:

> The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint. Plaintiff delayed pursuing this

> claim until after discovery had passed, the dispositive motion
> deadline had passed, and a motion for summary judgment had
> been filed. There appears to be no justification for the delay,
> and the plaintiff proposes none.

*Duggins*, 195 F.3d at 834. Thus, *Duggins* held that the clock begins to run on an "undue delay" inquiry when the plaintiff is aware of "the basis of the claim." *Id.*

Here, plaintiff was on notice of the facts underlying his alleged First Amendment retaliation claims when he filed his first complaint on May 31, 2007, over three and a half years ago, and over four years from the incident date. By any measure, three and a half years, without justification, amounts to undue delay. Nowhere in any of the prior four complaints does plaintiff make any claim of a First Amendment violation, nor does he assert any claim arising from Blount County's "Use of Discretion Policy" for deputy sheriffs as the cause of the constitutional tort for which he sues. Further, plaintiff engaged in no discovery until October 12, 2010, when he served requests to admit, interrogatories and request for production of documents on defendants. Plaintiff has never requested any depositions be taken. Based on the record in this case, the court holds that plaintiff unreasonably delayed in seeking leave to amend his complaint to allege a First Amendment retaliation claim and any claims arising from the county's "Use of Discretion" policy.

2. <u>Undue Prejudice to Defendants</u>

Even assuming, *arguendo*, that plaintiff had not unreasonably delayed in seeking leave to amend his complaint to allege a First Amendment retaliation claim, defendants argue that such an amendment at this stage in the litigation would be unduly prejudicial. The court agrees.

Again, F.R.C.P. 15(a) instructs the court to "freely give leave when justice so requires." F.R.C.P. 15(a)(2). Denial may be appropriate, however, where granting leave to amend would result in "undue prejudice" to the opposing party. *Forman*, 371 U.S. at 178. The Sixth Circuit instructs, with respect to the "undue prejudice" inquiry:

> . . . the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute . . . .

*Phelps*, 30 F.3d at 662-63. The Sixth Circuit has also found undue prejudice where the new discovery required by the nonmoving party is the result of the moving party "attempting to change their legal theory by recasting" claims in new causes of action, *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003), or "overhaul plaintiffs' theory of the case." *Morse*, 290 F.3d at 801. In *Duggins*, the court noted that allowing amendment of plaintiff's claims after the discovery cutoff, thereby requiring the court to reopen discovery, is *per se* prejudicial to the defendant. *Duggins*, 195 F.3d at 834. All of these considerations are present in the instant case and weigh against plaintiff's request for leave to amend.

Plaintiff filed his motion to amend after the original deadline for discovery and the dispositive motion deadline had passed, and after the defendants filed their motions for summary judgment. Allowing plaintiff to again amend his complaint to raise new issues will require the defendants to answer a complaint containing 597 paragraphs on 113 pages and exhibits totaling 195 pages; research the new legal issues, re-interview witnesses, possibly include new witnesses; prepare new responses (answers and/or motions for summary judgment); and increase the time needed to prepare this case for trial, possibly necessitating another continuance of the trial of this case.

Here, the prejudice to defendants is obvious. The case has been pending for more than four years, and defendants have already had to defend against theories in four complaints. The court finds that the prospect of putting defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be unfair and unduly prejudicial. The factual basis for plaintiff's new claims existed at the beginning of this lawsuit, and plaintiff has shown no reasonable explanation for his delay in amending his complaint. Accordingly, the court finds plaintiff's motion to amend complaint [Doc. 75] is without merit, and it is hereby **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge