UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY STEVEN SCHEIB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CV-446 |
| v. ) | (CAMPBELL/GUYTON) |
| ) | |
| GREGORY BODERK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order of the District Judge [Doc. 193].

Now before the Court is Plaintiff's Motion to Interview Jurors [Docs. 188, 189].[1] Plaintiff moves the Court to allow his counsel to interview one or more jurors regarding the effect of certain testimony that was presented at trial and the potential effect of exclusion of other testimony. Plaintiff submits he would also like to "ask all jurors regarding their reasoning to support the verdict to determine whether evidence of passion, prejudice or caprice entered deliberations." [Docs. 188, 189].

Defendant Gregory Boderck responds that the Plaintiff has not shown good cause for interviewing jurors under the Local Rules of the United States District Court for the Eastern District, the Federal Rules of Civil Procedure, and longstanding case law. [Doc. 191]. Defendant notes that during the trial of this case, the Plaintiff never made a motion to make a proffer of proof of excluded testimony of his expert, Robert Pusins, and Plaintiff never took the

---

[1] It appears to the Court that Plaintiff's counsel inadvertently filed this motion twice. For clarity of the record, the Court has referenced both of the identical motions in this Memorandum and Order.

deposition of Mr. Jerry Moss, Jr., despite being notified that Mr. Jerry Moss, Sr. was a possible witness as early as November 25, 2008. Defendant maintains that Plaintiff has not met his burden under Local Rule 48.1 and should not be afforded an opportunity to interview jurors.

Local Rule 48.1 states that, "[u]nless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial."

The Court has considered the Plaintiff's request and his stated basis for interviewing jurors. The Court finds that the Plaintiff has not shown good cause for interviewing jurors. Plaintiff's basis for interviewing the jurors is essentially to find out if their verdict might have been different if they were presented with different evidence. Such general curiosity cannot support imposing the burden of an interview on jurors. The Court finds that the Motion to Interview Jurors **[Docs. 188, 189]** is not well-taken, and it is **DENIED**.

    **IT IS SO ORDERED**.

                                        ENTER:

                                        s/ H. Bruce Guyton
                                        United States Magistrate Judge