UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFFREY STEVEN SCHEIB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CV-446 |
| v. | ) | (CAMPBELL/GUYTON) |
| | ) | |
| GREGORY BODERCK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order of the District Judge [Doc. 193].

Now before the Court is Plaintiff's Motion for a New Trial and to Hold Motion in Abeyance [Doc. 186]. The Plaintiff moves the Court to conduct a new trial and simultaneously to hold the request for new trial in abeyance. As an initial matter, the Court finds that the request to hold the motion in abeyance is moot, because this motion has been pending for over ninety days and the trial transcripts requested by the Plaintiff have been produced. Thus, the request to hold in abeyance is **DENIED AS MOOT**. For the reasons stated herein, the undersigned **RECOMMENDS** that the request for new trial be **DENIED**.

**I.    BACKGROUND**

The case was tried in front of a jury on May 14, 15, and 16, 2013. On May 16, 2013, the jury returned a unanimous verdict in favor of the Defendant Gregory Boderck. The Clerk of Court entered Judgment in favor of the Defendant on May 23, 2013, reflecting the unanimous verdict. [Doc. 182].

On June 20, 2013, the Plaintiff filed the Motion for a New Trial and to Hold Motion in Abeyance. On the same day, the Plaintiff also filed a Motion for Extension of Time [Doc. 187] and Motion to Interview Jurors [Docs. 188, 189]. The Plaintiff argued, in his Motion for Extension of Time, that he needed more time to obtain transcripts of the proceedings and to interview jurors. [Doc. 187]. The Defendant responded in opposition to all of the motions filed by Plaintiff.

On September 11, 2013, the Court denied the Plaintiff's Motion to Interview Jurors [Doc. 194], finding that the Plaintiff had not shown "good cause for interviewing jurors." On September 12, 2013, the Court denied Plaintiff's Motion for Extension of Time. The Court found the Motion for Extension was not well-taken because: (1) the Court found that transcription of the trial was not a basis for delaying adjudication of the Motion for New Trial when the Plaintiff had received the requested transcripts for which he rendered payment; and (2) the Court found the Plaintiff had not shown good cause for allowing juror interviews or delaying adjudication on that basis. [Doc. 195].

Notwithstanding its denial of the Motion for Extension, the Court afforded the Plaintiff up to and including September 23, 2013, to file any additional materials in support of the Motion for New Trial. The Defendant was afforded up to and including September 30, 2013, to respond to any filings by the Plaintiff. The parties have supplemented their original filings, and the Court finds that the Motion for New Trial is now ripe for adjudication.

## II. POSITIONS OF THE PARTIES

In his Motion for New Trial, the Plaintiff argues that he should be granted a new trial because:

(1) the Court improperly excluded evidence from his expert, Mr. Robert Pusins;

(2) the Plaintiff was surprised by the testimony of Mr. Jerry Moss, Sr.;

(3) Defendant's counsel presented an improper closing argument;

(4) the verdict is contrary to the weight of the evidence;

(5) the jury's verdict was based on passion, prejudice, and caprice; and

(6) "the Court should be dissatisfied with the verdict and order a new trial."

[Doc. 186 at 1-2]. The Plaintiff does not cite the Court to any portions of the record in support of these arguments, nor does the Plaintiff cite the Court to any case law or Rule of Civil Procedure.

The Defendant responds in opposition. [Doc. 190]. Defendant argues that the Plaintiff has failed to set forth adequate grounds for granting a new trial. The Defendant maintains *inter alia* that: the exclusion of Mr. Pusins's testimony does not support granting a new trial; the general allegation that the jury's verdict was based upon passion, prejudice, or caprice is not supported by the evidence; any surprise with regard to Mr. Moss's testimony was due to Plaintiff's lack of trial preparation; and the allegation of an improper closing argument is vague and is not based upon any objection made at trial.

Plaintiff supplemented his Motion for New Trial by filing the Declaration of Richard Baker [Doc. 200], on September 23, 2013. Therein, Mr. Baker, counsel for the Plaintiff, states that he attempted to speak with Mr. Moss about his testimony during breaks in the trial of this matter. [Id. at 1]. Mr. Baker asserts that Mr. Moss would not return his calls and that Mr. Moss refused to talk with Mr. Baker about his testimony. [Id.]. Mr. Baker states that Mr. Moss

offered testimony at trial that was inconsistent with the video recording of the incident at issue. [Id. at 2]. Mr. Baker asserts that "Plaintiff could have developed testimony to impeach Mr. Moss's credibility as a witness if Plaintiff had known [Mr. Moss] was to testify and the false testimony he was to offer." [Id.].

In his reply to Mr. Baker's Declaration, the Defendant reiterates that the Plaintiff has not set forth sufficient grounds for granting a new trial. [Doc. 201]. Defendant argues that the Plaintiff had opportunities to inquire into the nature of Mr. Moss's testimony during the six years this case was pending before trial. Defendant maintains that Plaintiff cannot complain now that Mr. Moss's testimony was a surprise, and move the Court to grant a new trial based upon such testimony.

## III. ANALYSIS

Rule 59 of the Federal Rules of Civil Procedure states that a court may grant a motion for new trial, after a jury trial, for any reason that a has previously served as a basis for granting a new trial in a legal action in federal court. Fed. R. Civ. P. 59(a)(1).

The Court of Appeals for the Sixth Circuit interprets Rule 59 to require a new trial only when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias. Advance Sign Group, LLC v. Optec Displays, Inc., 722 F.3d 778, 787 (6th Cir. 2013) (internal citations removed).

### A. Testimony of Robert Pusins

On May 13, 2013, the District Judge conducted a Daubert hearing where the Plaintiff's expert, Mr. Robert Pusins, was able to testify and where both parties were able to make arguments concerning the admissibility of Mr. Pusins' testimony. [Doc. 171]. The District Judge determined that Mr. Pusins could only testify to: a reasonable officer's arrest procedure on misdemeanor charges; handcuff procedures; and the effect of swearing on an arrest. During the trial, Mr. Robert Pusins testified. Plaintiff does not dispute Defendant's allegation that Plaintiff did not object to or make a proffer of proof of excluded testimony with regard to the testimony excluded.

The Court has reviewed the parties' filings and has considered the District Judge's finding. The undersigned finds no fault or error with the District Judge's ruling excluding part of Mr. Pusins's testimony. Moreover, the undersigned does not find any error with regard to Mr. Pusins's testimony that would result in the trial being unfair to the Plaintiff.

Accordingly, the Court finds that the Plaintiff's position that the exclusion of Mr. Pusins's testimony serves as a basis for granting a new trial is not well-taken.

### B. Testimony of Jerry Moss, Sr.

The Court turns next to the testimony of Jerry Moss, Sr. First, the Court finds that Mr. Moss was identified by the Defendant as a potential witness in his initial disclosures and discovery responses, which were provided to the Plaintiff in 2008 and 2010 respectively. The Plaintiff does not dispute this point. Second, the Court finds that Mr. Moss was listed as a witness by Defendant in his final witness list and pretrial disclosures, and Plaintiff, himself, listed Mr. Moss as a witness in his final witness list. Plaintiff does not dispute – either in his Motion for New Trial or the Declaration of Mr. Baker – that Plaintiff elected not to depose Mr.

Moss. Plaintiff does not assert that he was denied the opportunity to take a deposition, and he, apparently, concedes that the choice not to complete a deposition or obtain a sworn statement was his choice. Finally, the Court finds that, to the extent Mr. Moss may have presented surprise testimony, the Plaintiff was afforded an opportunity to avoid such surprise through discovery, and the Court finds that the Plaintiff was afforded an opportunity to address any surprise through cross-examination.

Based upon the foregoing, the undersigned does not find any error with regard to Mr. Moss's testimony that would result in the trial being unfair to the Plaintiff. Accordingly, the Court finds that the Plaintiff's position that Mr. Moss's surprise testimony serves as a basis for granting a new trial is not well-taken.

**C.     Closing Argument**

At trial, both parties made closing arguments. Plaintiff alleges generally that counsel for the Defendant made an improper argument to the jury during his closing statement.

The Court finds, first, that the Plaintiff has not stated any specific portion of the Defendant's closing argument that he contends is objectionable. The Court deems this argument waived based upon this failure to develop this argument. El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (quoting McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir.1997)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.").

Second, the Court finds that the Plaintiff has not rebuked Defendant's contention that, during the Defendant's closing statement, Plaintiff's counsel did not object to any portion of the

6

closing argument. The Court deems this argument waived based upon the failure to object at trial. See Fed. R. Evid. 103(a).

Accordingly, the Court finds that the Plaintiff's position that the closing argument of Defendant's counsel serves as a basis for granting a new trial is not well-taken.

**D.     Weight of the Evidence**

With regard to Plaintiff's position that the verdict was not supported by the weight of the evidence, the Court again finds that the Plaintiff has failed to develop this argument, and as a result, the Court deems the argument to be waived. Notwithstanding, the Court finds that ample evidence in the record – *e.g.* testimony, exhibits, expert opinions – supports the verdict. The Court finds that the jury reached a reasonable conclusion, and accordingly, the Court finds that the Plaintiff's position that a new trial should be afforded because the jury's verdict is not consistent with the weight of the evidence is not well-taken.

**E.     Jury Verdict Based on "Passion, Prejudice, or Caprice"**

With regard to Plaintiff's position that the verdict was based upon passion, prejudice, or caprice, the Court again finds that the Plaintiff has failed to develop this argument, and as a result, the Court deems the argument to be waived. Moreover, the Court's own review has revealed no basis for finding that the jury based its verdict on passion, prejudice, or caprice. Accordingly, the Court finds that this argument is not well-taken.

**F.     Court's Satisfaction with the Verdict**

Finally, the Plaintiff argues that "the Court should be dissatisfied with the verdict and order a new trial." [Doc. 186 at 1]. This general statement does not reference any law or basis for new trial endorsed by the Court of Appeals for the Sixth Circuit. See Advance Sign, 722 F.3d at 787. The Court finds that this statement does not constitute a basis for new trial, and

again, the argument has been waived based upon the Plaintiff's failure to develop the position. Moreover, the Court finds that the verdict is satisfactory.

## IV.     CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Motion for New Trial and to Hold Motion in Abeyance **[Doc. 186]** be **DENIED**.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).